**UNITED BANK OF BISMARCK, a Banking Corporation, Plaintiff and Appellee,**

v.

**Larry J. YOUNG, Defendant and Appellant,**

**and**

**The United States of America, Farmers Home Administration, Defendant and Appellee.**

Civ. No. 11263.

Supreme Court of North Dakota.

March 2, 1987.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellee; argued by David L. Peterson.

Larry J. Young, pro se.

Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, for defendant and appellee.

LEVINE, Justice.

Larry J. Young, appearing pro se, appeals from a district court order denying his motion to "Vacate Sale and Issue Sheriff's Deed." We affirm the district court's order and conclude that, pursuant to Rule 38, N.D.R.App.P., an award of double costs and attorney fees to United Bank of Bismarck (United Bank) and Farmers Home Administration (FmHA) for defending this appeal is appropriate.

United Bank foreclosed its mortgage on Young's farmland during August 1983. A neighbor purchased the property at the subsequent sheriff's sale in September 1983. FmHA, as holder of a second mortgage on Young's property, redeemed for $112,900 and received the sheriff's deed in September 1984.

During April 1986, Young brought the present motion. United Bank and FmHA responded and each sought costs and attorney fees under §§ 28–26–01 and 28–26–31, N.D.C.C., asserting that Young's claim for relief was frivolous. Following a hearing, the district court denied Young's motion, which it treated as a request for relief under Rule 60(b), N.D.R.Civ.P. The court also denied the requests for costs and attorney fees by United Bank and FmHA.

■ Young's contention, difficult to glean, is apparently that he is entitled to the sheriff's deed because FmHA has received, and continues to receive and use for its own benefit, money from the United States Treasury issued in Young's name. Young's assertion is premised on FmHA "Annual Statement of Loan Account" notices sent to him after the United Bank foreclosure proceedings. FmHA characterizes Young's argument in this regard as a general objection to its accounting methods. Young also relies on a United States Treasury check issued in his name in the amount of $112,900. The check is apparently the same one that was at issue in *United States v. Young,* 806 F.2d 805 (8th Cir.1986), in which the Eighth Circuit Court of Appeals rejected claims similar to those made by Young in this case. We conclude that Young's position is patently frivolous. Accordingly, the district court did not abuse its discretion in denying Young's motion.

■ Rule 38, N.D.R.App.P., authorizes this court to award "just damages and single or double costs including reasonable attorney's fees" if we determine that an appeal is "frivolous, or that any party has been dilatory in prosecuting the appeal." Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper. *Mitchell v. Preusse,* 358 N.W.2d 511, 514 (N.D.1984); *see also Martinson v. Raugutt,* 372 N.W.2d 895, 896–897 (N.D. 1985) [award of double costs against pro se litigant, but no attorney fees].

■ Litigants have the statutory right to appeal an adverse decision of a trial court, and we do not lightly impose sanctions for invoking that right of appeal. In *State v. Haugen,* 392 N.W.2d 799, 805 n. 4 (N.D.1986), we quoted with approval from Justice Stevens' concurring opinion in *Talamini v. Allstate Insurance Company,* 470 U.S. 1067, 1071, 105 S.Ct. 1824, 1827–1828, 85 L.Ed.2d 125 (1985): " 'There is, and should be, the strongest presumption of open access to all levels of the judicial system. Creating a risk that the invocation of the judicial process may give rise to punitive sanctions simply because the litigant's claim is unmeritorious could only deter the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means.' " The principle of open access, however, must be balanced against the need to conserve judicial resources. In *Stelly v. C.I.R.,* 761 F.2d 1113, 1116 (5th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985), the court addressed this competing interest and its relation to assessment of sanctions against pro se litigants:

"Frivolous appeals unjustly burden the resources of the court and the government. The devotion of limited resources and time to these meritless cases causes deserving litigants to wait. In addition, the opposite party is delayed in receiving the just benefits of the trial court's judgment until the appeal is concluded. Justice delayed is justice denied. Sanctions are imposed to deter such suits.

*       *       *       *       *       *

"Only one matter prompts any hesitation in imposing sanctions. That is that the Stellys appear pro se. Although a court can demand a higher degree of responsibility from members of the bar, litigants cannot be treated as free to advance frivolous claims merely because they appear without counsel. Where pro se litigants are warned that their claims are frivolous, as were the Stellys, and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate...." (Citations omitted.)

In this case, Young was represented by counsel during the original foreclosure proceedings. He was granted a hearing on his present motion during which he was given free rein to air his complaints. The district court considered Young's arguments and attempted to explain to Young why his arguments were without merit and why Rule 60(b), N.D.R.Civ.P., relief could not be granted.

■ We commend the district court for exercising patience and restraint in denying the request for costs and attorney fees below. We believe, however, that in persisting to present his claims before this court after being informed of their frivolous nature by the lower court, Young has gone too far. Open access to the courts is not synonymous with unlimited license to burden with flagrantly groundless claims the resources of the judiciary and opposing parties.

We affirm the district court's order and grant the requests for sanctions under Rule 38, N.D.R.App.P. We award United Bank and FmHA double costs, as well as attorney fees in the amount of $250 each.[1]

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. We suggest that if more than a token amount of attorney fees is sought in a request to this court to impose monetary sanctions under Rule 38, N.D.R.App.P., the request should be accompanied by an affidavit documenting the work performed on the appeal to enable us to calculate the amount of reasonable attorney fees to be assessed.