2000 ND 207

**Keith JONES, Plaintiff and Appellee,**

v.

**Jackie BARNETT, Defendant and Appellant.**

No. 20000140.

Supreme Court of North Dakota.

Dec. 7, 2000.

Carl O. Flagstad, Minot, ND, for plaintiff and appellee.

Jackie Barnett, pro se, Minot, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Jackie C. Barnett appeals from the trial court's judgment prohibiting her from entering property to which she has only a mineral interest and grant of summary judgment concluding her action to rescind a quitclaim deed is barred by the statute of limitations, as she failed to submit evidence that she did not discover until years later she had been fraudulently induced to convey property.   We affirm.

I

[¶ 2]   In April 1991, Jackie C. Barnett and Keith J. Jones purchased 109 acres of farm real estate located in McHenry County, North Dakota.   They were both real estate agents and had bought and sold three other properties together.   On June 18, 1991, Barnett conveyed her interest in the McHenry County property to Jones by quitclaim deed, reserving a mineral interest.   In 1999, Jones filed a complaint against Barnett, seeking quiet enjoyment and possession of the property on which he claimed Barnett was trespassing because she only had mineral rights, not possessory rights.   Barnett answered and counterclaimed, seeking to rescind her conveyance of the property to Jones because he allegedly fraudulently induced her to deed the property.   Jones made a motion for summary judgment, asserting he was entitled to judgment as a matter of law since there were no issues of material fact in his action to remove Barnett from the property, as her answer admitted she deeded the property to him and her fraud claim was barred by the statute of limitations.   Barnett replied, again alleging fraud and deceit in the inducement of the deed, but she did not support her allegations with any affidavits.

[¶ 3]   On February 24, 2000, the district court granted summary judgment, concluding the alleged fraud inducing Barnett to convey the property necessarily occurred prior to her conveyance by quitclaim deed on June 18, 1991.   Barnett's first claim of fraud was filed December 1999 in her answer to Jones' complaint, more than eight years after she signed the quitclaim deed and well past the six-year statute of limitations.   The district court found Barnett submitted nothing to substantiate her claim she was not aware of the alleged fraud until years after the property conveyance.   The judgment of the district court prohibited Barnett from entering the McHenry County property.   Barnett appeals.

II

[¶ 4]   Summary judgment is a procedural device, under Rule 56, N.D.R.Civ.P., for properly disposing of a lawsuit without trial, if the trial court finds there is no genuine issue of material fact, after viewing the evidence in the light most favorable to the party opposing the summary judgment, or if the only issues to be resolved are questions of law.   *Dan Nelson Const., Inc. v. Nodland & Dickson*, 2000 ND 61, ¶ 13, 608 N.W.2d 267.   Factual issues become appropriate for summary

judgment "when reasonable minds can draw but one conclusion from the evidence." *Opp v. Source One Mgmt., Inc.,* 1999 ND 52, ¶ 16, 591 N.W.2d 101.

[¶ 5] The party seeking summary judgment has a burden of clearly showing there is no genuine issue of material fact, and in response the party opposing the motion must present competent admissible evidence, by affidavit or other comparable means, which raises an issue of material fact. *Stout v. Fisher Indus., Inc.,* 1999 ND 218, ¶ 7, 603 N.W.2d 52. The party opposing summary judgment cannot simply rely on factual assertions in a brief or pleadings and cannot rely on unsupported allegations; such conclusory assertions are insufficient to raise an issue of material fact. *Id.*

[¶ 6] On appeal of a district court's grant of summary judgment, questions of law are fully reviewable, and we assume the truth of factual assertions made by the party opposing the motion for summary judgment and draw all favorable inferences for that party. *Id.* A district court's determination of when a cause of action has accrued for purposes of applying a statute of limitations is a question of fact which will not be overturned on appeal unless clearly erroneous. *Schmidt v. Grand Forks Country Club,* 460 N.W.2d 125, 129 (N.D.1990).

[¶ 7] Section 28–01–16, N.D.C.C., governs the statute of limitations for claims of fraud:

The following actions must be commenced within six years after the claim for relief has accrued:

. . .

6. An action for relief on the ground of fraud in all cases both at law and in equity, the claim for relief in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

[¶ 8] We have interpreted such discovery as meaning that notice of facts, which would put a person of ordinary intelligence on inquiry, is equivalent to knowledge of all of the facts a reasonable diligent inquiry would disclose. *Schmidt,* 460 N.W.2d at 129. This interpretation is consistent with our belief that, after acquiring knowledge of the facts, a party has a responsibility to promptly find out what legal rights result from those facts, and failure to do so will be construed against the party. *Id.*

**A**

[¶ 9] Barnett argues summary judgment was inappropriate because the district court did not allow her to show how she was "frauded into" selling her share of the McHenry County property. Barnett contends her claim is not barred by the statute of limitations because the district court "misunderstood the total scope of [Jones'] frauding ways clearly into the year 2000." Barnett alleges Jones fraudulently induced her to sell by (1) repeatedly assuring her the property would not produce any income and would not qualify for payments from government programs, (2) promising to give her "wandering rights" on the land for her lifetime, and (3) agreeing he would never sell the property. Later, however, the land did produce income, and Jones charged her with trespassing on the property and also offered it for sale to a golf course. Barnett claims Jones was a farmer and cattleman, and he knew alfalfa crops could be grown on the property and bring a good income. Barnett admits she and Jones were both real estate agents, but she only had dealt with sales of small 15–acre farms.

[¶ 10] Because it is Barnett who misunderstood the discovery rule regarding fraud, rather than the district court, we affirm the court's determination that the statute of limitations has run and bars Barnett's fraud claim. Barnett's own pleadings indicate she discovered the alleged fraud only three or four months after signing the quitclaim deed on June

18, 1991. For example, in Barnett's initial response to Jones' complaint, she stated:

> So low [sic] and behold 3 or 4 months after [Barnett] quit claim deeded the land to [Jones], [Barnett] came to realize that this "hay land" was an alfalfa crop and it produced good income.... Please see alfalfa sales from 1991 to 1994 as [Barnett] kept records for [Jones].... [Barnett] told [Jones] as soon as she realized there was income from land, she would never have sold her ½ if he'd told her [the] truth.

And in Barnett's response to Jones' Motion for Summary Judgment, she stated:

> I knew [Jones] lied and cheated me out of the land in question early in this process. When the first alfalfa crop was cashed in, I questioned [Jones] again. I knew he lied to me then, but I overlooked it as he'd said I had the rights to enjoy this land forever, he said he would never sell this land, he said he'd tell his wife and kids about my "wandering rights," and make sure they knew I had the rights to enjoy this land as long as I lived.

[¶ 11]  By her own statements submitted to the district court, Barnett admitted she knew of the alleged fraud no later than 1991, but she did not file her counterclaim or defense of fraud until 1999. Furthermore, Barnett failed to submit any supporting affidavits to show the existence of a material fact in dispute regarding the date she discovered the alleged fraud. Under N.D.C.C. § 28–01–16, the statute of limitations for bringing a claim of fraud accrues on discovery of the facts constituting fraud and expires in six years. Because Barnett only produced unsupported, conclusory allegations ·in her pleadings that she discovered the fraud later than 1991 and because her own pleadings indicate knowledge of material facts in 1991, Barnett's claim is barred by the statute of limitations, and the district court properly granted summary judgment. *See, e.g., American Ins. Co. v. Midwest Motor Express, Inc.*, 554 N.W.2d 182, 187–88 (N.D. 1996) (finding the trial court correctly held the discovery rule did not prevent the statute of limitations from running, when the party should have discovered its counterclaim more than six years before filing the claim under N.D.C.C. § 28–01–16).

## B

[¶ 12]  In addition to Barnett's claims of Jones' verbal agreements to give her lifelong "wandering rights" and never to sell the property, Barnett also claims Jones verbally agreed on the financial terms of conveying the McHenry County property, but Jones did not completely pay her.

[¶ 13]  The statute of frauds, N.D.C.C. § 9–06–04, invalidates contracts for the sale of real property, or an interest in real property, unless written and signed by the party against whom the claim is made. *See Johnson Farms v. McEnroe*, 1997 ND 179, ¶ 16, 568 N.W.2d 920. Barnett claims she has an interest in the property in the form of "wandering rights" and in prohibiting the sale of the land; however, these alleged unwritten and unsigned agreements are invalidated by the statute of frauds.

[¶ 14]  The six-year statute of limitations, under N.D.C.C. § 28–01–16(1), bars actions on contracts, obligations, or liabilities, express or implied, if not commenced within six years after the claim for relief has accrued. *Diocese of Bismarck Trust v. Ramada, Inc.*, 553 N.W.2d 760, 765 (N.D.1996). The ten-year statute of limitations, under N.D.C.C. § 28–01–15(2), applies to actions on contracts contained in any conveyance or mortgage of or instrument affecting the title to real property. *Id.* Barnett's alleged verbal agreement on financial terms is not contained in the quitclaim deed; thus, the ten-year statute of limitations does not apply. Because the alleged agreement was collateral to the deed conveyed in 1991, the six-year statute of limitations bars her contract action to collect the remaining payment allegedly outstanding.

## III

[¶ 15]  Accordingly, we affirm the district court's judgment prohibiting Barnett

from entering the McHenry County property and dismissing her other claims.

[¶ 16] VANDE WALLE, C.J., MARING, NEUMANN, SANDSTROM, JJ., concur.