2004 ND 119

**Rachel M. DIETZ, f/k/a Rachel M. Kautzman, Plaintiff and Appellee**

v.

**Robert A. KAUTZMAN, Defendant and Appellant.**

**No. 20030361.**

Supreme Court of North Dakota.

June 7, 2004.

Rehearing Denied July 6, 2004.

Steven A. Johnson, Vogel Law Firm, Fargo, ND, for plaintiff and appellee.

Jonathan T. Garaas, Garaas Law Firm, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Robert A. Kautzman appealed from an order imposing sanctions against him and his attorney, Jonathan Garaas and the Garaas Law Firm, for filing a frivolous motion and requiring them to pay Rachel M. Dietz $3,000 for attorney fees incurred by her in defending the motion. We hold the trial court did not abuse its discretion in imposing sanctions, and we affirm.

## I.

[¶ 2] This case involves a divorce action which was initiated in 1995. This is the seventh appeal to this Court in a long line of litigation involving the trial court's property division and award of spousal support to Dietz. This Court's opinion in *Kautzman v. Kautzman*, 2003 ND 140, 668 N.W.2d 59 (*Kautzman VI*), provides a summary of the factual history of this case. We will recite here only those facts necessary to an understanding of our resolution of the dispositive issues on this appeal.

[¶ 3] Kautzman brought a motion, dated December 13, 2002, apparently filed on December 23, 2002, to vacate a bench warrant, to allow him to determine the allocation of bond proceeds to Dietz, and to declare that Dietz no longer had a right to enforce her equitable liens. On January 3, 2003, Dietz served Kautzman with notice of her intent to file a Rule 11 motion for sanctions against him for bringing a frivolous motion. When he brought the motion, Kautzman scheduled a hearing on it for January 14, 2003, and he did not attempt to delay or continue the hearing after he received notice of Dietz's intent to request Rule 11 sanctions. After the hearing, the court entered an order on January 16, 2003 denying Kautzman's motion. Dietz filed her motion for sanctions against

Kautzman and his attorney on January 27, 2003. On February 4, 2003, Kautzman filed a notice of appeal from the court's order of January 16, 2003. On February 14, 2003, the trial court held a hearing on Dietz's motion for sanctions, and on March 3, 2003, the court entered an order postponing a decision on that motion until after this Court had ruled on Kautzman's appeal from the order denying his December 13, 2002 motion. In *Kautzman VI*, at ¶ 30, this Court affirmed the trial court's denial of Kautzman's motion. On December 3, 2003, the trial court entered its order imposing sanctions against Kautzman and his attorney from which Kautzman has filed this appeal.

## II. Safe Harbor Provision

### A.

[¶ 4] Dietz filed her motion for sanctions under N.D.R.Civ.P. 11 and N.D.C.C. § 28–26–01(2), asserting Kautzman and his attorney brought the December 13, 2002, motion for the improper purposes of harassing her and causing unnecessary and needless increase in the cost of litigation. She also asserted the motion was not brought in good faith and that it was frivolous.

[¶ 5] Section 28–26–01(2), N.D.C.C., authorizes the award of reasonable actual and statutory costs, including reasonable attorney fees, for defending a frivolous claim. *Matrix Properties Corp. v. TAG Investments*, 2002 ND 86, ¶ 33, 644 N.W.2d 601, *cert. denied*, 537 U.S. 976, 123 S.Ct. 448, 154 L.Ed.2d 333 (2002). Similarly, N.D.R.Civ.P. 11 authorizes the court to impose sanctions against a party and his attorney if they violate any of the following provisions of that rule:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresent-

ed party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or are reasonably based on a lack of information or belief.

Rule 11(c)(1)(A), N.D.R.Civ.P., requires that the motion for sanctions, brief, and any other supporting papers "must be served ... but must not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." The rule also provides that the motion "must be made separately from other motions or requests and must describe the specific conduct alleged to violate" its provisions.

■■■ [¶ 6] Kautzman asserts Dietz is not entitled to sanctions under N.D.R.Civ.P. 11, because she did not afford Kautzman and his attorney 21 days to withdraw or correct the motion to avoid sanctions. The purpose of the 21–day safe harbor provision is to give an offending party the opportunity, after service of the motion for sanctions, to withdraw the of-

fending motion or pleading and thereby escape sanctions. *See Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998) (construing Fed.R.Civ.P. 11, which is substantially similar to our N.D.R.Civ.P. 11). Kautzman asserts he was not given 21 days to withdraw or correct his motion, because the hearing on his motion, and the trial court's decision to deny the motion, occurred within 21 days after Kautzman was served with Dietz's motion for sanctions.

■■■ [¶ 7] The United States Court of Appeals for the Fourth Circuit has held that the 21–day safe harbor provision is not jurisdictional and may be waived by the party to whom its protections are afforded. *Rector v. Approved Federal Savings Bank,* 265 F.3d 248, 253 (4th Cir. 2001) (construing Fed.R.Civ.P. 11). Our rule is patterned after the federal rule, and the federal courts' interpretations are, therefore, highly persuasive. *See Flattum–Riemers v. Flattum–Riemers,* 2003 ND 70, ¶ 27, 660 N.W.2d 558. We conclude that the protections of the safe harbor provision under Rule 11, like the protections under the federal rule, can be waived by the party to whom they are afforded.

[¶ 8] Dietz served her motion for sanctions upon Kautzman on January 3, 2003, and did not file the motion with the court until January 27, 2003, which is after the 21–day period provided by N.D.R.Civ.P. 11, thereby affording Kautzman adequate time to withdraw or correct the objectionable motion. Instead, Kautzman made no objection to the hearing being held within the 21–day safe harbor period, nor did he ask for a continuance of the hearing so he could reconsider whether to withdraw or correct his motion. In its order awarding sanctions, the trial court specifically found that Kautzman "set the hearing," for that time and there is nothing in this record which contradicts the court's finding.

Furthermore, after the trial court denied the motion, Kautzman filed an appeal from the trial court's decision. By that action, Kautzman continued to advocate his claim rather than withdraw or correct it. Kautzman cannot continue to advance his objectionable motion within the safe harbor period and then object that he was not afforded 21 days to withdraw it. Under these circumstances, we conclude Kautzman waived his right to the 21–day safe harbor period. By continuing to advocate his motion Kautzman waived the safe harbor protections and subjected himself to sanctions.

[¶ 9] Kautzman relies upon the reasoning in the case of *Truelove v. Heath,* 86 F.3d 1152 (4th Cir.1996), to support his position that the trial court's dismissal of his motion within the 21–day safe harbor period precludes the court from awarding sanctions. In November 1994, Truelove filed a civil action alleging the defendants violated his constitutional rights by making false statements. On April 21, 1995, defendants Frank Meadows and Harry Olthoff sent Truelove a letter informing him that, under Fed.R.Civ.P. 11, he had 21 days to withdraw or dismiss his complaint, otherwise they would file a motion for sanctions. On May 2, 1995, within the 21–day safe harbor period, Meadows and Olthoff moved to dismiss Truelove's civil action, and the federal district court granted the motion. On June 2, 1995 Meadows and Olthoff filed a motion for sanctions, which was granted by the district court. On appeal, Truelove asserted Meadows and Olthoff's motion did not satisfy the safe harbor provision under Fed.R.Civ.P. 11, because the case was dismissed before the 21–day period had expired. The Fourth Circuit Court of Appeals, in an unpublished opinion, agreed with Truelove and reversed the district court's order granting Meadows and Olthoff's motion for sanctions. We conclude the *Truelove* case is substantively distinguishable from this case.

[¶ 10] Meadows and Olthoff delayed serving Truelove with a motion for sanctions until five months after Truelove's objectionable complaint was filed. Here, Dietz served her motion for sanctions upon Kautzman within three weeks after Kautzman had filed his objectionable motion. Within the safe harbor period, Meadows and Olthoff moved the federal district court to dismiss the objectionable claim, and the court granted their request. After Truelove's claim was dismissed within the 21–day safe harbor provision, Truelove did not appeal the dismissal or otherwise continue to advocate his claim. Here, Kautzman set the hearing on his motion within the safe harbor period, and he neither objected to the hearing being held during the 21–day safe harbor period nor did he ask for a continuance of the hearing. Also, when the trial court denied Kautzman's motion, Kautzman appealed from the trial court's decision after the 21–day safe harbor period had run. Consequently, the facts of this case are substantively and legally distinguishable from the circumstances in *Truelove.* We conclude Kautzman's conduct constituted a waiver of his right to a 21–day safe harbor period under N.D.R.Civ.P. 11, because he continued to advocate and pursue his objectionable motion rather than withdraw or correct it.

### B.

[¶ 11] Rule 11, N.D.R.Civ.P., requires that the person bringing a motion for sanctions do so separately from other motions or requests and that he describe the specific conduct alleged to violate the rule. Kautzman asserts Dietz did not adequately describe how Kautzman's motion was frivolous, made in bad faith, or brought for improper purpose. We disagree.

[¶ 12] In her motion for sanctions, Dietz alleged that Kautzman's December 13, 2002 motion was not brought in good faith and was not warranted by existing law or a non-frivolous argument for the extension of existing law and his motion was brought for the improper purposes of harassing her and causing unnecessary and needless increase in the cost of litigation. In her brief opposing Kautzman's December 13, 2002, motion, Dietz specifically addressed why the issues raised by Kautzman in his motion were frivolous:

As he has done numerous times before in this case, Robert has raised several frivolous and nonsensical arguments. Even more egregious is the fact that Robert continues to assert arguments that he has raised previously, often repeatedly, even though such arguments have been previously rejected by not only this Court but also by the North Dakota Supreme Court. For these reasons, Robert's current motion must be rejected.

While Dietz's allegations could have been more specific, we conclude that, the circumstances of this case, with its long convoluted history of litigation and appeals, Dietz's motion adequately apprised Kautzman of the reasons why his motion was frivolous and without proper purpose and why Dietz was seeking sanctions. The frivolous nature of Kautzman's motion was apparent to any reasonable person, as it was to the trial court.

### III. Sanction Merits

[¶ 13] Kautzman asserts his December 13, 2002, motion was made in good faith for proper purposes and was not frivolous.

[¶ 14] Dietz's request for sanctions was brought under both N.D.R.Civ.P. 11 and N.D.C.C. § 28–26–01. Rule 11 requires a trial court to award sanctions against an attorney, or a represented party, or both, if the requirements of the rule are violated by them. See Williams v. State, 405 N.W.2d 615, 624 (N.D.1987). Section 28–26–01(2), N.D.C.C., allows the court, in its discretion, to award costs and attorney fees if a claim is determined to be frivolous. A claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor. Peterson v. Zerr, 477 N.W.2d 230, 236 (N.D.1991).

[¶ 15] An award of attorney fees under the statute lies within the sound discretion of the trial court and its determination will be disturbed on appeal only for an abuse of discretion. Matrix, 2002 ND 86, ¶ 35, 644 N.W.2d 601. Similarly, we will not disturb the trial court's determination regarding a request for sanctions under N.D.R.Civ.P. 11 unless the trial court has abused its discretion. See In re Estate of Dion, 2001 ND 53, ¶¶ 45–46, 623 N.W.2d 720. If there are any factual determinations relevant to the sanction issue, we review the trial court's findings under a clearly erroneous standard. See Napoleon Livestock Auction, Inc. v. Rohrich, 406 N.W.2d 346, 361 (N.D. 1987).

[¶ 16] In concluding that sanctions were warranted in this case, the trial court made detailed findings in its order granting the motion:

In his Motion, [Kautzman] was arguing the position that [Kautzman] had the right to allocate the $150,000 payment of the supersedeas bond by Alerus Financial to his spousal support. However, case law, State Bank of Streeter v. Nester, 385 N.W.2d 95 (N.D.1986), directly addressed the particular question and was in direct opposition to [Kautzman's] argument. [Kautzman] did not attempt to make a good faith argument that the

existing law should be changed. [Kautzman] also made arguments against the equitable liens [Dietz] was granted in property in previous Court Orders. This subject had previously been affirmed upon appeal. The arguments made by [Kautzman] and [Kautzman's] attorney in [Kautzman's] December 23rd, 2002 Motion were frivolous and without merit. No reasonable person would have thought a court would render any ruling in [Kautzman's] favor. [Dietz] is entitled to costs and attorney's fees pursuant to Section 28–26–01(2) of the North Dakota Century Code.

[Kautzman's] December 23rd, 2002 filing also violates Rule 11 of the North Dakota Rules of Civil Procedure for the above-stated reasons. . . .

The fact that [Kautzman] has continued to raise arguments that have previously been decided by this Court and by the Supreme Court does not support the fact that nothing will be deterred by the entry of an Order for Sanctions. [Kautzman] and his attorney have shown their lack of acceptance of prior court orders by filing a frivolous Motion. Sanctions at this time will hopefully deter this conduct in the future.

No legal contentions that were made "were warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law [or] the establishment of new law." Therefore, monetary sanctions are appropriate against [Kautzman], a represented party. N.D.R.Civ.P. 11(c)(2)(A). Further, this Court believes that the December 23rd, 2002 Motion was made for an improper purpose, such as to cause delay and increase the costs of litigation. Monetary sanctions are also appropriate against [Kautzman's] attorney, Jonathan Garaas as well as the Garaas Law Firm, N.D.R.Civ.P. 11(c), 11(c)(2). . . . Regardless if [Kautzman] is the impetus, [Kautzman's] attorney is providing [Kautzman] a conduit with which to present these arguments to the Court. It shall not be tolerated. Monetary sanctions are appropriate, jointly and severally, against [Kautzman], Jonathan Garaas, and the Garaas Law Firm.

These findings by the court are supported by the record evidence and are not clearly erroneous. N.D.R.Civ.P. 52(a). We conclude the trial court did not abuse its discretion in imposing sanctions against Kautzman under N.D.R.Civ.P. 11 and N.D.C.C. § 28–26–01(2). We deem other issues raised by Kautzman in this appeal are without merit.

## IV.

[¶ 17] Dietz has asked this Court to award her attorney fees for this and for her prior appeal on the ground that both appeals were frivolous. Under N.D.R.App.P. 38 this Court may award attorney fees upon finding that an appeal is frivolous. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith. *Torgerson v. Torgerson*, 2003 ND 150, ¶ 23, 669 N.W.2d 98. Dietz's request for attorney fees for her prior appeal is not timely. In any event, we conclude these appeals are not so devoid of merit as to warrant an award of attorney fees. Consequently, Dietz's request for an award of attorney fees under N.D.R.App.P. 38 is denied.

[¶ 18] The order imposing sanctions against Kautzman and his attorney, Jonathan Garaas and the Garaas Law Firm, is affirmed.

[¶ 19] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., and BENNY A. GRAFF, S.J., concur.

[¶ 20] The Honorable BENNY A. GRAFF, S.J., sitting in place of KAPSNER, J., disqualified.