2014 ND 226

**Stephan PODRYGULA and Psychological Services, P.C., Plaintiffs and Appellants**

v.

**Angela BRAY and William Bray, Defendants and Appellees.**

No. 20140090.

Supreme Court of North Dakota.

Dec. 18, 2014.

Jeffrey S. Weikum, Bismarck, ND, for plaintiffs and appellants.

Erin M. Conroy, Bottineau, ND, for defendants and appellees.

KAPSNER, Justice.

[¶ 1] Stephan Podrygula and Psychological Services, P.C. (collectively "Podrygula") appeal from a district court order dismissing their complaint against Angela and William Bray for fraud and negligent infliction of emotional distress. We conclude there is no genuine issue of material fact, and the district court did not err in determining the statute of limitations had run. The order to dismiss without prejudice should be modified as an order dismissing the claim with prejudice and, as modified, we affirm.

I

[¶ 2] On October 6, 2013, Podrygula sued the Brays seeking damages from

fraud and negligent infliction of emotional distress based on events stemming from its employment of Angela Bray.

[¶ 3] Angela Bray was employed by Podrygula from October 2000 to September 2006. In the complaint, Podrygula alleged Angela Bray fraudulently diverted money from the business, and William Bray was aware of this and assisted in defrauding and concealing those activities.

[¶ 4] It is undisputed that on October 4, 2006, Stephan Podrygula reported his suspicions of Angela Bray's theft to law enforcement. Formal charges were brought against her in August 2007, she was convicted of theft, and was sentenced to prison. In addition, she was ordered to pay $63,197 in restitution which has since been paid in full.

[¶ 5] The Brays filed a motion to dismiss under N.D.R.Civ.P. 12(b)(6), arguing Podrygula failed to state a claim upon which relief could be granted because the suit was untimely, and the complaint's fraud allegations were not pleaded with particularity. Podrygula alleges, since Angela Bray's sentencing in September 2008, it was discovered she had been stealing from as far back as 2003, rather than from 2005. In addition, Podrygula alleges that in early December 2007, information was received from Stephan Podrygula's bank about thefts that had not been included in the forensic accounting report used at the criminal trial. Podrygula also claims it was discovered in 2008 Angela Bray had been impersonating Stephan Podrygula to his bank and other businesses. Finally, Podrygula claims information was received in January 2008 indicating William Bray had been double and triple reimbursed for handyman work he had performed for them. After a hearing on the motion, the district court determined October 4, 2006 was the discovery date for purposes of the statute of limitations, and the statute of limitations ran on October 4, 2012. After determining the statute of limitations had run, the district court granted the Brays' motion to dismiss and filed an order of dismissal without prejudice.

II

[¶ 6] On appeal, Podrygula argues the district court erred in granting the Brays' motion to dismiss and in determining the statute of limitations had expired.

[¶ 7] When a motion to dismiss for failure to state a claim upon which relief can be granted is presented before the court and "matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment and disposed of as provided in Rule 56." *Livingood v. Meece*, 477 N.W.2d 183, 187 (N.D.1991); *see also* N.D.R.Civ.P. 12(d). Should this occur, each party must be given a reasonable opportunity to present material pertinent to the *motion under* N.D.R.Civ.P. 56. *Livingood*, 477 N.W.2d at 187. "When [a] court considers matters outside the pleadings in resolving a motion to dismiss under Rule 12(b), N.D.R.Civ.P., we treat the motion and the court's resolution of it as a summary judgment under Rule 56, N.D.R.Civ.P." *Wishnatsky v. Huey*, 1997 ND 35, ¶ 12, 560 N.W.2d 878.

[¶ 8] The Brays submitted various materials outside the pleadings along with their Rule 12(b) motion to dismiss. These materials included an affidavit of Angela Bray, an affidavit and case narrative of a law enforcement officer, and the criminal complaint and judgment from Angela Bray's criminal case. In response to the Brays' motion to dismiss, Podrygula submitted an affidavit of Stephen Podrygula. The district court, relying on those mat-

ters outside of the pleadings, dismissed the action without prejudice.

[¶ 9]   Based on the record, we believe both sides were given a reasonable opportunity to present materials pertinent to the motion under Rule 56. Because matters outside the pleadings were presented to and relied on by the court in its determination, we will treat the motion and the district court's resolution of it as a summary judgment.

[¶ 10]   Summary judgment is the proper method to resolve a controversy without a trial if the evidence demonstrates there is no genuine issue as to any material fact or only questions of law remain, and a party is entitled to judgment as a matter of law. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357. Evidence must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Id.* This Court reviews whether a trial court properly granted summary judgment under a de novo standard of review. *Id.*

III

[¶ 11]   The Brays argue an order for dismissal without prejudice from a motion to dismiss is not a final appealable order because if Podrygula discovers more evidence to support claims occurring within the statute of limitations, he would be free to file a new case in state court. For purposes of acting upon the Brays' motion, the district court noted Podrygula had not presented evidence indicating new wrongful acts were committed after October 4, 2006.

[¶ 12]   "Ordinarily, an order dismissing a complaint without prejudice is not appealable because either side may commence another action after the dismissal." *Winer v. Penny Enters., Inc.*, 2004 ND 21, ¶ 6, 674 N.W.2d 9. However,

this Court has stated a dismissal without prejudice may be final and appealable where the dismissal has the "practical effect of terminating the litigation in the plaintiff's chosen forum." *Sanderson v. Walsh County*, 2006 ND 83, ¶ 6, 712 N.W.2d 842 (citation omitted). This Court has consistently held that, when a statute of limitations has run, a dismissal of the entire action "effectively forecloses litigation in the courts of this state." *Id.* Thus, a dismissal without prejudice is appealable to this Court when the statute of limitations has run. *Id.* We conclude the district court order in this case is a final, appealable order.

IV

[¶ 13]   The parties agree the applicable statute of limitations is six years as outlined in N.D.C.C. § 28–01–16. "A fraud action is not barred by the passage of time until six years after discovery of the facts constituting the fraud." *Rose v. United Equitable Ins. Co.*, 2001 ND 154, ¶ 9, 632 N.W.2d 429 (citation omitted).

[¶ 14]   The statute of limitations generally begins to run from the commission of the wrongful act giving rise to the cause of action; however, this rule is often harsh so many courts have adopted the discovery rule. *Wells v. First Am. Bank West*, 1999 ND 170, ¶ 9, 598 N.W.2d 834. "The discovery rule is an exception to the limitations and, if applicable, determines when the claim accrues for the purpose of computing limitations." *Id.* at ¶ 10. This Court has stated:

> The discovery rule postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury.... We have used an objective standard for the knowledge requirement under the discovery rule. The focus is upon whether

the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs.

*Rose,* 2001 ND 154, ¶ 9, 632 N.W.2d 429 (citation omitted).

[¶ 15] Under N.D.C.C. § 28–01–16, this Court has interpreted "discovery" as meaning that notice of facts, which would put an ordinary person on inquiry, is equivalent to knowledge of all the facts which a reasonable diligent inquiry would disclose. *Jones v. Barnett,* 2000 ND 207, ¶ 8, 619 N.W.2d 490. This interpretation is consistent with this Court's belief that, after acquiring knowledge of the facts, parties have a responsibility to promptly discover what legal rights result from such facts, and failure to do so will be construed against the party. *Id.* The discovery rule only requires the plaintiff be aware of an injury; it does not require knowledge of the full *extent* of the injury. *Dunford v. Tryhus,* 2009 ND 212, ¶ 10, 776 N.W.2d 539; *see also Erickson v. Scotsman, Inc.,* 456 N.W.2d 535, 539 (N.D.1990).

[¶ 16] The Brays argue the district court did not err in determining the discovery date triggering the running of the statute of limitations, and Podrygula produced no evidence that any wrongful act occurred after that date. The district court held October 4, 2006 triggered the statute of limitations because Stephan Podrygula reported his suspicions of Angela Bray's theft to law enforcement that day. The court determined reporting to law enforcement "constitute[d] actual knowledge," the statute of limitations began because Podrygula knew or should have known of the wrongful act at the time of reporting to the authorities, and the statute of limitations ran on October 4, 2012.

[¶ 17] Podrygula argues the district court misapplied the discovery rule. Podrygula further contends when fraud is involved, and when the wrongful act included deception or hiding of the wrongful act, it runs counter to the rule to begin the accrual of the claim before the plaintiff knows of the wrongful act. However, Podrygula admits Stephan Podrygula reported to law enforcement his suspicions of the theft on October 4, 2006.

[¶ 18] We conclude there was no genuine issue of material fact, and alerting law enforcement of suspected theft constitutes actual knowledge and would put an ordinary person on inquiry. Even though Podrygula may not have been aware of the full *extent* of the injury on October 4, 2006, Podrygula was aware of the injury on that date. In addition, Podrygula's claims of "new" discoveries of fraud or deceit were not new instances of activities of the Brays after October 4, 2006. These discoveries do not change the initial discovery date of Podrygula's knowledge of the injury. Rather, as this Court noted in *Erickson,* 456 N.W.2d at 539, the knowledge Podrygula had on October 4, 2006, would put a reasonable person on notice that rights had been violated and would have given Podrygula a reasonable opportunity to discover the extent of the injury in order to assert a claim within the limitation period.

[¶ 19] We conclude the district court did not err in determining October 4, 2006 was the discovery date triggering the statute of limitations, and the statute of limitations ran on October 4, 2012. The Brays were not served with the summons and complaint until October 6, 2013; thus, Podrygula's suit was commenced beyond the statute of limitations, and the district court did not err in determining the statute of limitations had run.

V

[¶ 20] The Brays also argue this was a frivolous claim and appeal, and they con-

tend they are entitled to attorney fees under N.D.C.C. §§ 28–26–01, 28–26–31 and N.D.R.App.P. 38.

[¶ 21] Typically, absent statutory or contractual authority, each party to a suit bears its own attorney fees. *Strand v. Cass County*, 2008 ND 149, ¶ 9, 753 N.W.2d 872. However, N.D.C.C. § 28–26–01(2) allows the court to use its discretion and award costs and attorney fees if a claim is determined frivolous. *Dietz v. Kautzman*, 2004 ND 119, ¶ 14, 681 N.W.2d 437. Awarding attorney fees lies within the sound discretion of the district court. *Strand*, at ¶ 11. The abuse of discretion standard is used when reviewing a district court's decision regarding attorney fees. *Gratech Co., Ltd. v. Wold Engineering, P.C.*, 2007 ND 46, ¶ 18, 729 N.W.2d 326. "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law." *Id.*

[¶ 22] The district court's order did not specifically determine whether the suit was frivolous and did not make any specific findings of fact regarding its denial of attorney fees. Rather, it simply stated, "[a]t this time, the Court does not award attorney's fees to the [Brays]." Because the district court did not determine the action was frivolous, it was not an abuse of discretion to fail to award attorney fees to the Brays. *See Gratech*, 2007 ND 46, ¶ 20, 729 N.W.2d 326; *Strand*, 2008 ND 149, ¶ 9, 753 N.W.2d 872.

[¶ 23] Rule 38, N.D.R.App.P., authorizes this Court to award "just damages and single or double costs including reasonable attorney's fees" if the Court determines an appeal is frivolous. *United Bank of Bismarck v. Young*, 401 N.W.2d 517, 518 (N.D.1987). "An appeal is frivolous when it is flagrantly groundless." *Nissen v. City of Fargo*, 338 N.W.2d 655, 658 (N.D.1983). "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper." *United Bank*, 401 N.W.2d at 518. This Court has also stated, when a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request. *Gibb v. Sepe*, 2004 ND 227, ¶ 13, 690 N.W.2d 230.

[¶ 24] The Brays did not provide an affidavit documenting the work performed regarding their request for attorney fees nor did the district court specifically determine the suit was frivolous.

[¶ 25] We conclude Podrygula's appeal is not frivolous, and we decline to award the Brays attorney fees on appeal.

[¶ 26] We have considered the remaining issues and arguments raised and find them to be unnecessary to our decision. This Court does not answer questions that are unnecessary to an appeal's determination. *BTA Oil Producers v. MDU Res. Group, Inc.*, 2002 ND 55, ¶ 76, 642 N.W.2d 873.

## VI

[¶ 27] We conclude there is no genuine issue of material fact, and the district court did not err in determining the statute of limitations had run. The order to dismiss without prejudice should be modified as an order dismissing the claim with prejudice. We direct the district court to modify the order accordingly and, as modified, we affirm.

[¶ 28] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, and DALE V. SANDSTROM, JJ., concur.

CROTHERS, Justice, specially concurring.

[¶ 29] I concur with the result and the reasoning in the majority opinion. I write separately only because, in my view of the law, there is no such thing as a tort action for "fraud" as asserted by Podrygula. For the reasons I articulated in *Erickson v. Brown*, 2008 ND 57, ¶¶ 59–93, 747 N.W.2d 34 (Crothers, J., concurring in part and dissenting in part), deceit is a tort claim and fraud is a claim for avoidance of a contract.

[¶ 30] Both fraud and deceit claims are provided for by statute. Fraud is part of the chapter on consent to contractual obligations. *See* N.D.C.C. ch. 9–03. Deceit is part of the chapter on obligations imposed by law. *See* N.D.C.C. ch. 9–10. My persistent writings on the distinction between fraud and deceit are more than academic discussions because the claims have similar but different proof requirements and result in different remedies. *Erickson*, 2008 ND 57, ¶¶ 59–93, 747 N.W.2d 34 (Crothers, J., concurring in part and dissenting in part).

[¶ 31] Daniel J. Crothers