2016 ND 213

Karisa FRITH and Roger Frith,
Plaintiffs and Appellants

v.

The PARK DISTRICT OF the CITY OF
FARGO and North Dakota Insurance
Reserve Fund, Defendants and Appel-
lees.

No. 20160114.

Supreme Court of North Dakota.

Nov. 16, 2016.

Rehearing Denied Dec. 27, 2016.

Roger Frith (argued) and Karisa Frith (appeared), self-represented, Fargo, N.D., plaintiffs and appellants.

Ronald F. Fischer (argued) and Daniel L. Gaustad (on brief), Grand Forks, N.D., for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Karisa and Roger Frith appealed from a judgment dismissing their complaint against the Park District of the City of Fargo and the North Dakota Insurance Reserve Fund. We affirm, concluding the district court did not err in concluding the Friths' claims against the Park District were precluded by the statute of limitations.

I

[¶ 2] The Friths sued the Park District and Insurance Reserve Fund seeking monetary damages for injuries Karisa Frith

allegedly sustained while rollerblading in a Fargo park on July 7, 2012. The Friths alleged Karisa Frith was injured when she tripped on soft patching material used to fill a crack in the park pathway. The summons and complaint were originally served on July 2, 2015, but the service did not comply with the requirements of N.D.R.Civ.P. 4. In September 2015, the Park District and Insurance Reserve Fund moved for dismissal under N.D.R.Civ.P. 12(b), arguing the court lacked personal jurisdiction because they were not properly served and the Friths failed to state a claim upon which relief can be granted. On October 5, 2015, the Friths properly served the summons and complaint.

[¶ 3] In November 2015, the Park District moved for summary judgment, arguing the Friths' claims were barred by the statute of limitations because the three-year statute of limitations for claims against a political subdivision expired before the Friths commenced the action. The Friths responded to the Park District's motion, arguing the three-year statute of limitations does not apply and their claims for relief did not accrue until September 12, 2013, when they received information from an expert witness that there was reasonable cause to believe the Park District was negligent.

[¶ 4] After a hearing, the district court granted the motions to dismiss and for summary judgment. The court concluded the Friths' claims against the Park District were barred by the statute of limitations because the three-year statute of limitations for actions against a political subdivision applied to the Friths' claims and the statute of limitations expired before the action commenced. The court also dismissed the claims against the Insurance Reserve Fund, concluding the claims fail as a matter of law because the Insurance Reserve Fund does not owe any duties to the Friths. A judgment was entered dismissing the complaint with prejudice.

II

[¶ 5] Summary judgment is appropriate when there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Ferguson v. City of Fargo*, 2016 ND 194, ¶ 7, 886 N.W.2d 557. Whether summary judgment was properly granted is a question of law that is reviewed de novo on appeal. *Id.* We view the evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences that can be reasonably drawn from the record. *Tangedal v. Mertens*, 2016 ND 170, ¶ 7, 883 N.W.2d 871. We decide whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. *Id.*

III

[¶ 6] The Friths argue the district court erred in dismissing their complaint because it applied the wrong statute of limitations.

[¶ 7] Section 32–12.1–03(1), N.D.C.C., states a political subdivision is liable for money damages for "injury caused from some condition or use of tangible property, real or personal, under circumstances in which the political subdivision, if a private person, would be liable to the claimant." "An action brought under [chapter 32–12.1] must be commenced within three years after the claim for relief has accrued." N.D.C.C. § 32–12.1–10.

[¶ 8] Statutory interpretation is a question of law, which is fully reviewable on appeal. *Eagleman v. State*, 2016 ND 54, ¶ 8, 877 N.W.2d 1. In interpreting a

statute, we give the words in the statute their plain, ordinary, and commonly understood meaning, unless they are specifically defined or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. If the language of a statute is clear and unambiguous, the language may not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05.

[¶ 9] The Park District is a political subdivision, and N.D.C.C. ch. 32–12.1 applies to tort claims against the Park District. *See* N.D.C.C. § 32–12.1–02(6); *see also Finstad v. Ransom–Sargent Water Users, Inc.*, 2011 ND 215, ¶ 16, 812 N.W.2d 323 (holding N.D.C.C. ch. 32–12.1 applies only to tort claims against a political subdivision). The Friths sued the Park District for claims related to injuries Karisa Frith allegedly sustained while rollerblading in a park. The Friths' claims against the Park District are tort claims, and therefore N.D.C.C. ch. 32–12.1 applies, including the three-year statute of limitations under N.D.C.C. § 32–12.1–10.

[¶ 10] The Friths contend a six-year personal injury statute of limitations applies because a private contractor applied the patching material that was responsible for Karisa Frith's injuries. However, the Friths sued the Park District, and not the contractor. The three-year statute of limitations under N.D.C.C. § 32–12.1–10 applies to the Friths' claims against the Park District.

[¶ 11] The Friths argue their claims did not accrue until September 2013 when they were informed by an attorney there was reasonable cause to believe the Park District was negligent. Determining when a cause of action accrues is normally a question of fact, but it becomes a question of law when the material facts are undisputed. *Funke v. Aggregate Constr., Inc.*, 2015 ND 123, ¶ 44, 863 N.W.2d 855. The statute of limitations generally begins to run from the commission of the wrongful act giving rise to the cause of action, unless an exception applies. *Podrygula v. Bray*, 2014 ND 226, ¶ 14, 856 N.W.2d 791. The discovery rule is one exception, and under the discovery rule the accrual of a claim is postponed until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury. *Id.* We have said, "after acquiring knowledge of facts sufficient to put a person of ordinary intelligence on inquiry, a party has a responsibility to promptly find out what legal rights result from those facts, and failure to do so will be construed against the party." *Holverson v. Lundberg*, 2016 ND 103, ¶ 19, 879 N.W.2d 718. "The discovery rule does not require full knowledge of the extent of an injury; rather, it only requires the party be aware of an injury." *Id.* The district court determined the claim accrued when the injuries occurred on July 7, 2012. The Friths do not dispute that Karisa Frith's injuries occurred on July 7, 2012, and that they were aware of the injuries at that time. We conclude the district court did not err in determining the Friths' claims accrued on July 7, 2012.

[¶ 12] The Friths were required to commence an action within three years after the claim for relief accrued on July 7, 2012. A civil action is commenced by the service of a summons. N.D.R.Civ.P. 3. Valid service of process, as directed by N.D.R.Civ.P. 4, is necessary for a court to acquire personal jurisdiction over a defendant. *Sanderson v. Walsh Cty.*, 2006 ND 83, ¶ 13, 712 N.W.2d 842. A party must strictly comply with the requirements for service of process. *Id.* The Friths initially filed their summons and complaint on July 2, 2015, which was within the three-year statute of limitations. However, the Friths admitted the initial service of the summons and complaint did

not comply with N.D.R.Civ.P. 4. The summons and complaint were not properly served in July 2015 and the action did not commence. The Friths served the summons and complaint a second time on October 5, 2015. Although the summons and complaint may have been properly served on October 5, 2015, the statute of limitations had expired.

[¶ 13] To the extent the Friths argue the district court abused its discretion by failing to extend the time for the statute of limitations under N.D.R.Civ.P. 6(b), we have held Rule 6(b) does not apply to periods of time which are definitely fixed by statute. *Basin Elec. Power Coop. v. N.D. Workers Comp. Bureau*, 541 N.W.2d 685, 690 (N.D.1996). The district court did not have authority under N.D.R.Civ.P. 6(b) to extend the statute of limitations. Because the Friths' action was commenced after the statute of limitations expired, the district court did not err in dismissing the Friths' claims against the Park District.

[¶ 14] The Friths also argue the court erred in dismissing their claims against the Insurance Reserve Fund. However, the Insurance Reserve Fund's liability, if any, is dependent upon the Park District's liability, and the Park District has no liability because the statute of limitations expired before the suit was commenced. The district court did not err in dismissing the Friths' claims against the Insurance Reserve Fund.

## IV

[¶ 15] The Friths argue the district court improperly dismissed their complaint with prejudice. They contend the court dismissed for lack of personal jurisdiction based on improper service of process, the court did not have jurisdiction to grant the motion for summary judgment, and therefore the court should have dismissed their case without prejudice.

[¶ 16] The district court found the summons and complaint were improperly served on July 2, 2015, and therefore the court lacked personal jurisdiction of the Park District. However, the court also found the Park District was properly served with the summons and complaint on October 5, 2015, after the statute of limitations expired. The court had personal jurisdiction after the summons and complaint were properly served and the court granted summary judgment and dismissed the complaint because the statute of limitations had expired. The dismissal of an action because the statute of limitations has expired has the "practical effect of terminating the litigation in the plaintiff's chosen forum" and "effectively forecloses litigation in the courts of this state." *Podrygula*, 2014 ND 226, ¶ 12, 856 N.W.2d 791 (quoting *Sanderson*, 2006 ND 83, ¶ 6, 712 N.W.2d 842). We conclude the district court did not err in dismissing the Friths' complaint with prejudice.

## V

[¶ 17] Because the statute of limitations expired and the district court did not err in dismissing the Friths' claims against the Park District and Insurance Reserve Fund, it is unnecessary to address the Friths' remaining issues. We affirm the judgment dismissing the Friths' complaint.

[¶ 18] JAMES D. HOVEY, D.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 19] The Honorable JAMES D. HOVEY, D.J., sitting in place of McEVERS, J., disqualified.