Crothers, Justice.
 

 [¶ 1] Charles Erwin appeals from an amended judgment entered in favor of Alerus Financial, N.A., for $5,265,653.09. Erwin argues the district court abused its discretion by failing to rule on his motion to amend his answer and entering judgment without allowing him to conduct discovery on Alerus' damage claims. We affirm the amended judgment.
 

 I
 

 [¶ 2] Starting in 2012 Alerus made a series of loans totaling more than $15 million to Diverse Energy Systems, LLC. The loan agreement specified "Events of Default," including the failure to pay the indebtedness, the insolvency of the borrower or guarantor or the commencement of bankruptcy proceedings. Erwin was Diverse's chief executive officer, and he signed multiple personal guaranties, promising to be personally responsible for payment of up to $4 million of Diverse's debt owed to Alerus. In September 2015 Diverse filed for bankruptcy.
 

 [¶ 3] In May 2016 Alerus sued Erwin for breach of contract and unjust enrichment, alleging Diverse was in default under the loan agreement and Erwin failed to make payment on the amount due under the guaranties. Alerus alleged Diverse's indebtedness exceeded $12 million and under the guaranties Erwin was liable for at least $4 million in principal and interest. On September 6, 2016, Erwin filed an answer to Alerus' complaint.
 

 [¶ 4] On February 28, 2017, Alerus moved for summary judgment, arguing Diverse defaulted on its loan obligations and Erwin breached the guaranty contracts by failing to pay the amounts due under the guaranties. Alerus also filed an affidavit in support of its motion from an Alerus employee, which it claimed showed the total outstanding principal and interest on the loans to Diverse.
 

 [¶ 5] On April 3, 2017, Erwin opposed Alerus' motion for summary judgment, arguing disputed factual issues existed about Alerus' damages and about Erwin's share of Diverse's liability to Alerus under the guaranties. Erwin also argued the guaranties were unenforceable because Erwin was fraudulently induced to execute the guaranties. He claimed that Alerus' employee, Mike Compton, told Diverse's chief financial officer, Todd Hass, that Alerus never pursued enforcement of guaranties and that Erwin relied on Compton's statements in executing the guaranties. Erwin filed an affidavit in support of his brief and argued his affidavit established a factual basis for claims of fraud, deceit, intentional misrepresentation, constructive fraud, and
 
 *299
 
 breach of fiduciary duty. Erwin indicated he would seek leave to amend his answer to include the fraud related counterclaims.
 

 [¶ 6] On May 22, 2017 the district court conducted a summary judgment hearing. On May 26, 2017, Erwin moved to amend his answer to include counterclaims for breach of contract, actual fraud and intentional misrepresentation, and negligent misrepresentation. On June 1, 2017 the court granted Alerus' motion. The court ruled no genuine issues of material fact existed, Erwin breached the guaranty contracts by failing to pay Alerus upon Diverse's default, Alerus' total damages for Diverse's default was $12,899,248.89, and Erwin's share of Diverse's indebtedness was $4 million plus interest. The court concluded Erwin failed to adequately plead the alleged fraud as an affirmative defense. Judgment was entered in favor of Alerus for $5,265,653.09, including interest, fees and costs. The judgment was later amended.
 

 II
 

 [¶ 7] Erwin argues the district court abused its discretion by failing to rule on his motion to amend his answer before granting summary judgment. He claims that he timely moved to amend his answer to include a counterclaim for fraud, that his fraud claim could present a full defense to Alerus' claims, and that the court ignored his motion to amend his answer and faulted him in its order granting summary judgment for failing to plead fraud. He also argues the court preemptively rejected his fraud claim and improperly excluded his evidence.
 

 A
 

 [¶ 8] Alerus contends Erwin's arguments about his motion to amend are not properly before this Court on appeal and should not be decided because Erwin failed to identify them as issues in his notice of appeal.
 

 [¶ 9] In a civil case the notice of appeal must include a preliminary statement of the issues. N.D.R.App.P. 3(c). The explanatory note to the rule states, "The purpose of the requirement is to provide the court information to make a preliminary determination whether oral argument is unnecessary. In this list, the appellant is expected to provide the court notice of the issues of which the appellant is aware at the time the notice of appeal is filed." The rule requires a preliminary statement of the issues, and the explanatory note states the appellant is expected to include the issues it is aware of at the time the notice is filed. The failure to include an issue in the notice of appeal does not preclude review of the issue.
 

 B
 

 [¶ 10] "A decision on a motion to amend a pleading is addressed to the sound discretion of the district court and will not be reversed on appeal unless the court abused its discretion."
 
 Yesel v. Brandon
 
 ,
 
 2015 ND 195
 
 , ¶ 18,
 
 867 N.W.2d 677
 
 . A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.
 

 Id.
 

 [¶ 11] Before trial, a party may amend its pleading once either before being served with a responsive pleading or within twenty-one days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. N.D.R.Civ.P. 15(a)(1). Other amendments are allowed before trial "only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires." N.D.R.Civ.P. 15(a)(2).
 

 *300
 
 [¶ 12] The district court did not explicitly grant or deny Erwin's motion. However, if a court does not rule on a motion, it may be deemed denied.
 
 See
 

 Chatman v. State
 
 ,
 
 2018 ND 77
 
 , ¶ 12,
 
 908 N.W.2d 724
 
 ;
 
 see also
 

 Alerus Fin., N.A. v. Marcil Grp. Inc.
 
 ,
 
 2011 ND 205
 
 , ¶ 34,
 
 806 N.W.2d 160
 
 (stating court did not specifically state motion was denied, but assumed it was denied based on court's actions). In deciding Alerus' motion for summary judgment, the court addressed Erwin's argument that he was fraudulently induced to execute the guaranties, but the court did not consider the proposed amended answer and ultimately concluded Erwin failed to plead fraud as an affirmative defense. We view the court's actions as a denial of Erwin's motion to amend his answer.
 

 [¶ 13] "A court does not abuse its discretion in denying a motion to amend a [pleading] if the proposed amendment would be futile[.]"
 
 Tangedal v. Mertens
 
 ,
 
 2016 ND 170
 
 , ¶ 6,
 
 883 N.W.2d 871
 
 . In reviewing a decision on a motion to amend a pleading made in response to an opposing party's motion for summary judgment, this Court has found guidance in the federal courts' interpretation of the corresponding federal rule, stating:
 

 "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence."
 

 Darby v. Swenson Inc.
 
 ,
 
 2009 ND 103
 
 , ¶ 12,
 
 767 N.W.2d 147
 
 (quoting
 
 Hatch v. Dep't for Children, Youth and Their Families
 
 ,
 
 274 F.3d 12
 
 , 19 (1st Cir. 2001) (citations omitted) ). We have further said, "Other courts have explained that an amendment is futile for purposes of determining whether leave to amend should be granted, if the added claim would not survive a motion for summary judgment."
 
 Darby
 
 , at ¶ 13.
 

 [¶ 14] On February 28, 2017, Alerus moved for summary judgment. Erwin first raised his arguments about fraud in his April 3, 2017, brief opposing Alerus' motion for summary judgment. He filed an affidavit in support of his brief opposing the motion and argued the affidavit established a factual basis for claims of fraud, deceit, and intentional misrepresentation. Erwin said he would amend his answer to include the counterclaims if necessary. The summary judgment hearing was held on May 22, 2017. Erwin did not amend his answer before the hearing, but said during the hearing that he intended to amend his answer to include the fraud claims. Alerus argued Erwin did not plead a fraud defense, the fraud claims were unsupported, and Erwin failed to amend his answer despite saying he was going to amend it long before the hearing. On May 26, 2017, Erwin moved to amend his answer.
 

 [¶ 15] The action had been pending for over a year when Erwin moved to amend his answer. Erwin was aware of the facts relating to fraud when he filed his initial answer to Alerus' complaint. He did not include a fraud defense or counterclaim
 
 *301
 
 when he answered, and he waited to make any argument about fraud until he responded to Alerus' summary judgment motion. He waited to move to amend his answer until after the summary judgment hearing. Although the scheduling order gave the parties until June 1, 2017 to complete fact discovery and to file discovery motions, Erwin moved to amend his complaint days before the discovery deadline and did not move for a continuance under N.D.R.Civ.P. 56(f) to conduct additional discovery for his fraud-related claims. He claimed his affidavit established a factual basis for his fraud-related claims, sufficient to create a genuine issue of material fact and survive summary judgment, and he did not allege he needed further discovery on his fraud-related claims.
 

 [¶ 16] Because Erwin waited to move to amend his answer until after Alerus moved for summary judgment and time for discovery was almost complete, the amendment was futile unless the allegations of the proposed amended answer were supported by substantial evidence and would survive a motion for summary judgment.
 

 C
 

 [¶ 17] A proposed amendment to a pleading is futile if the added claim is not supported by substantial evidence in the record and would not survive a motion for summary judgment.
 
 See
 

 Darby
 
 ,
 
 2009 ND 103
 
 , ¶¶ 12-13,
 
 767 N.W.2d 147
 
 . "Summary judgment is appropriate, if, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences that can reasonably be drawn from undisputed facts or if the only issues to be resolved are questions of law."
 
 Darby
 
 ,
 
 2009 ND 103
 
 , ¶ 16,
 
 767 N.W.2d 147
 
 (quoting
 
 Riemers v. Grand Forks Herald
 
 ,
 
 2004 ND 192
 
 , ¶ 4,
 
 688 N.W.2d 167
 
 ). "[I]f the movant meets its initial burden of showing the absence of a genuine issue of material fact, the opposing party may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact."
 
 Citizens State Bank-Midwest v. Symington
 
 ,
 
 2010 ND 56
 
 , ¶ 18,
 
 780 N.W.2d 676
 
 .
 

 [¶ 18] Erwin's proposed amended answer included claims for breach of contract, actual fraud and intentional misrepresentation, and negligent misrepresentation. Erwin alleged that Todd Hass, Diverse's chief financial officer, met with an Alerus employee, Mike Compton; that Compton stated any guaranties were a mere formality and Alerus never pursued enforcement of such guaranties; and that Erwin relied on Compton's representations in executing the guaranties. The amended answer also alleged Compton was aware his statements about Alerus' enforcement of guaranties were untrue and the statements were made with the intent to induce Diverse's officers to execute the personal guaranties. Erwin filed an affidavit supporting his brief opposing summary judgment, stating:
 

 "Prior to signing the Guaranty dated April 9, 2012, and any and all subsequent guarantees, Todd Hass, Diverse Energy Systems, LLC's ('Diverse') Chief Financial Officer, met with Mike Compton, an employee with [Alerus]. Mr. Compton stated that any guarantees, including the guarantees Alerus would request on the Diverse loans, were a mere formality required by management prior to the extension of any loans by Alerus. Mr. Compton further stated that enforcement of such guarantees was never pursued by Alerus. I relied upon Mr. Compton's representations in executing the guarantees."
 

 *302
 
 Erwin claimed these statements in his affidavit established "a factual basis for a claim of fraud, deceit, and intentional misrepresentation, as well as a potential claim for constructive fraud and breach of fiduciary duty." He did not present other evidence supporting his arguments about fraud.
 

 [¶ 19] In granting Alerus' summary judgment motion, the district court considered Erwin's arguments and said Erwin raised a fraud defense. The court stated:
 

 "Erwin implies Hass then relayed the statement to Erwin prior to his signing the April 9, 2012 guaranty. Compton's alleged statement is hearsay and not admissible. Erwin could have had Hass or Compton file an Affidavit. There is no allegation Compton made the statement to Erwin, or that Erwin was present when the statement was allegedly made to Hass."
 

 The court further explained that affidavits filed in support or opposition of a motion for summary judgment must be made on personal knowledge and set out facts that would be admissible in evidence, and that the affidavit did not confirm that the alleged statements were made to Erwin or that he was present during the conversation.
 

 [¶ 20] An affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." N.D.R.Civ.P. 56(e)(1). "Hearsay statements are generally not admissible and will not be considered in deciding a motion for summary judgment unless the statements fall within an exception to the hearsay rule."
 
 Markgraf v. Welker
 
 ,
 
 2015 ND 303
 
 , ¶ 13,
 
 873 N.W.2d 26
 
 (quoting
 
 McColl Farms, LLC v. Pflaum
 
 ,
 
 2013 ND 169
 
 , ¶ 30,
 
 837 N.W.2d 359
 
 ). Hearsay is a statement the declarant makes outside of the current hearing and is offered to prove the truth of the matter asserted. N.D.R.Ev. 801(c).
 

 [¶ 21] Erwin argues the district court erred by excluding as hearsay the evidence he offered in his affidavit. Erwin's affidavit alleged Compton made statements to Hass. Erwin did not allege he was present when Compton made the statements; rather, his affidavit implies Hass told him about Compton's statements. Erwin argues Compton's statements are not hearsay because they were not offered to prove Alerus never enforces guaranties; rather, they were offered to prove Compton said Alerus never enforces guaranties to induce Erwin and others to execute the guaranties. He contends Compton's statements are not hearsay because they are statements of operative fact and were made by a party opponent. Even if Compton's alleged statements are not hearsay, Erwin does not claim he was present when Compton made the statement and any statements Hass allegedly made to Erwin about Compton's statements are hearsay. Erwin does not claim any exceptions to the hearsay rule apply to the statements he implied Hass made to him. Erwin did not present any other evidence about Compton's alleged statements. We conclude Erwin did not present any admissible evidence in support of his fraud-related claims. His affidavit was not sufficient to raise a genuine issue of material fact.
 

 [¶ 22] "A proposed amendment must not only be theoretically viable, but also must be solidly grounded in the record, when it is proposed in response to a summary judgment motion."
 
 Darby
 
 ,
 
 2009 ND 103
 
 , ¶ 21,
 
 767 N.W.2d 147
 
 . Allegations in a proposed amended pleading must be supported by substantial evidence.
 

 Id.
 

 The allegations in Erwin's proposed amended answer are not supported by evidence and would not survive summary judgment. On
 
 *303
 
 this record, we conclude amendment of the answer was futile and the district court did not abuse its discretion by denying Erwin's motion to amend his answer.
 

 III
 

 [¶ 23] Erwin argues the district court abused its discretion by entering judgment against him without allowing him to conduct discovery on Alerus' damages and by denying without explanation his request for further discovery of financial information under N.D.R.Civ.P. 56(f). Erwin contends Alerus received an unknown amount of money through the sale of Diverse's assets, those proceeds could be applied to Diverse's debt potentially reducing Alerus' damages, Alerus did not provide any evidence about these amounts, and he was precluded from conducting discovery on that issue.
 

 [¶ 24] A district court's denial of a request for additional time for discovery under N.D.R.Civ.P. 56(f) will not be overturned on appeal unless the court abused its discretion.
 
 Burk v. State by and through Bd. of Univ. and Sch. Lands
 
 ,
 
 2017 ND 25
 
 , ¶ 20,
 
 890 N.W.2d 535
 
 . Rule 56(f), N.D.R.Civ.P., authorizes the court to order a continuance to enable discovery to be undertaken if the party opposing a summary judgment motion shows, for specified reasons, it cannot present facts essential to justify its opposition. The purpose of N.D.R.Civ.P. 56(f) is to ensure a party has a fair opportunity to conduct discovery before responding to a motion for summary judgment.
 
 Alerus
 
 , at ¶ 35. "[ Rule 56(f), N.D.R.Civ.P.,] requires that the party, preferably by affidavit, identify with specificity what particular information is sought, and explain how that information would preclude summary judgment and why it has not previously been obtained."
 
 Poppe v. Stockert
 
 ,
 
 2015 ND 252
 
 , ¶ 18,
 
 870 N.W.2d 187
 
 . "It is not enough, however, for a party invoking N.D.R.Civ.P. 56(f) to merely recite conclusory, general allegations that additional discovery is needed."
 
 Alerus Fin.
 
 ,
 
 2011 ND 205
 
 , ¶ 35,
 
 806 N.W.2d 160
 
 (quoting
 
 Vicknair v. Phelps Dodge Indus., Inc.
 
 ,
 
 2011 ND 39
 
 , ¶ 19,
 
 794 N.W.2d 746
 
 ).
 

 [¶ 25] The district court found Alerus presented evidence of the promissory notes, unpaid principal, accrued interest, and late fees showing Diverse had a total indebtedness of $12,899,248.89, and Erwin presented no credible evidence to contradict those amounts. The court found Alerus said it provided all discovery responses and Erwin did not comply with N.D.R.Civ.P. 56(f)(2) for a continuance for further discovery. The court quoted
 
 Alerus
 
 ,
 
 2011 ND 205
 
 , ¶ 35,
 
 806 N.W.2d 160
 
 , stating Rule 56(f) requires the party to identify with specificity what particular information is sought, how that information would preclude summary judgment, and why it has not been obtained. The court further explained Erwin did not present any evidence Diverse's collateral sale proceeds were not applied to the indebtedness in the bankruptcy case, the principal debt exceeds the guaranties, and the sale of the collateral was not a prerequisite to enforcing the guaranties. The court said the language of the guaranties is clear:
 

 "[Erwin's] 'share' is a maximum of $4,000,000 principal, accrued interest on all of the Indebtedness, collection/late fees, costs and attorney fees. The limit is not a pro-rata share of the principal with other guarantors.... Alerus is not restricted to recovering an equal share from the three guarantors, since the liability is expressed as joint and several, and the guaranty limit is expressed as a maximum, not a percentage or pro-rata. If the principal debt was $4,000,000 or less, Erwin could be responsible for the total amount of principal. The language
 
 *304
 
 is also clear that Alerus does not have to proceed against Diverse, the collateral, or the other guarantors for payment. The guaranty is one of payment and performance, and not of collection; thus, Alerus is not required to exhaust remedies against others who may be liable for the debt.
 

 [¶ 26] In opposing summary judgment Erwin argued the information about whether Alerus applied any proceeds from the sale of Diverse's assets to the indebtedness was solely in Alerus' possession and the court should continue the matter under N.D.R.Civ.P. 56(f). Erwin filed an affidavit stating:
 

 "3. It is my understanding that one or more of the assets of Diverse have been sold at auction. It is my further understanding that the proceeds from the sale of those assets have been applied to Diverse's indebtedness to Alerus.
 

 4. Prior to Alerus filing its motion for summary judgment, I was actively involved in attempting to reach a settlement with Alerus. Accordingly, service of any discovery requests was deferred pending the outcome of the settlement efforts. The reason the deadlines regarding fact discovery were pushed out so far into the future in this case was to allow the parties time to explore settlement.
 

 5. Additional information solely in Alerus' possession is necessary in this matter prior to the Court entering judgment, including: (a) Alerus' calculations as to the total indebtedness owed by Diverse; (b) Alerus' calculations as to my alleged share of the debt; and (c) the application of any proceeds from the sale of Diverse's assets to said debt."
 

 [¶ 27] Erwin argued discovery was postponed while the parties attempted to settle the matter. However, that argument fails to adequately explain why the information had not been obtained. The action had been pending since May 2016. The scheduling order stated the parties had until June 1, 2017 to complete discovery. Alerus moved for summary judgment on February 28, 2017. Alerus claimed Erwin did not serve it with a discovery request until the day he submitted his brief opposing summary judgment in April 2017. Erwin simultaneously requested a continuance for additional time to complete discovery. At the May 22, 2017 summary judgment hearing, Alerus stated it had provided all of the discovery Erwin requested. Erwin admitted he received the requested discovery on May 15, 2017, but he claimed it was over 7,000 pages, he did not have time to review it all, and it was not clear all of the collateral assets had been liquidated and credits applied to the debt.
 

 [¶ 28] The parties had until June 1, 2017 to complete discovery, Erwin waited to serve discovery until April, knowing Alerus moved for summary judgment in February. Although Erwin claims he waited to start discovery because the parties were exploring settlement, there is no indication the parties agreed to stay discovery. A party suspends discovery during settlement negotiations at that party's own risk.
 
 See
 

 Beattie v. Madison Cty. Sch. Dist.
 
 ,
 
 254 F.3d 595
 
 , 606 (5th Cir. 2001) (affirming district court's denial of motion for a continuance where the plaintiff claimed she delayed discovery due to ongoing settlement negotiations, and noting that "a party suspends discovery at his own risk").
 

 [¶ 29] Furthermore, the district court concluded the guaranties did not require Alerus to seek payment of the indebtedness from any other source, including from the sale of Diverse's collateral assets. Erwin does not argue the court erred in interpreting the guaranties. Erwin did not explain how the information he was seeking
 
 *305
 
 would create a genuine issue of material fact and preclude summary judgment.
 

 [¶ 30] We conclude the district court did not abuse its discretion by denying Erwin's request for a continuance.
 

 IV
 

 [¶ 31] We have considered the remaining issues or arguments and conclude they are either without merit or unnecessary to our decision. We affirm the amended judgment.
 

 [¶ 32] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.