# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 65

St. Alexius Medical Center, a North Dakota
Corporation, d/b/a CHI St. Alexius Health Bismarck,                    Petitioner

v.

The Honorable Pam Nesvig, Judge of
the Court, South Central Judicial District;
Kevin McKibbage, Daniel Dixon M.D.; and The
Bone and Joint Center, P.C.,                                          Respondents

## No. 20220005

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by Crothers, Justice.

Jessie L. Sogge (argued), Paul E. Darsow (appeared) and Steven R. Schwegman (on brief), St. Cloud, MN, for for petitioner.

Thomas J. Conlin (argued), Stacy D. Stennes (appeared) and Taylor B. Cunningham (appeared), Minneapolis, MN, for respondent Kevin McKibbage.

Briana L. Rummel (argued) and Brenda L. Blazer (appeared), Bismarck, ND, for respondent The Bone and Joint Center, P.C.

Tracy V. Kolb (appeared), Bismarck, ND, for respondent Daniel Dixon M.D.

# St. Alexius Medical Center v. Nesvig, et al.
## No. 20220005

**Crothers, Justice.**

[¶1] St. Alexius Medical Center, d/b/a CHI St. Alexius Health Bismarck, requests a supervisory writ preventing enforcement of the district court's order compelling disclosure of privileged information. CHI argues the disclosures violate North Dakota's statutory peer review privilege. We grant the petition and direct the district court to vacate its November 8, 2021 discovery order.

I

[¶2] Kevin McKibbage sued Daniel Dixon, Bone & Joint Center, and CHI for medical malpractice relating to a surgery Dixon performed in 2017. In response to McKibbage's discovery requests, CHI produced some of the requested documents and asserted privileges on others. CHI provided a privilege log identifying undisclosed documents and the privileges claimed.

[¶3] McKibbage filed a motion to compel arguing CHI did not provide sufficient information in the privilege log. CHI responded that it identified all the information it could without violating the peer review law, but CHI agreed to produce an amended privilege log containing greater descriptions. The amended log describes the pertinent documents as "Peer Review Committee correspondences," "Peer Review Committee regular monthly meeting minutes," "Credentials Committee correspondences," "Credentials Committee regular monthly meeting minutes," "Medical Executive Committee correspondences," "Medical Executive Committee meeting minutes," and "Peer Review Committee documents."

[¶4] The district court found the law permitted the disclosure of additional information and ordered the following to be disclosed: the dates the documents were created, the identity of the person who created each document and their position at the time of creation, and the identity of the person who received each document and their position for peer review.

[¶5]   CHI moved to stay proceedings pending its petition for supervisory writ to this Court. The district court granted CHI's motion.

## II

[¶6]   CHI requests a supervisory writ from this Court. Our authority to issue supervisory writs derives from Article VI, Section 2 of the North Dakota Constitution. The power to issue such a writ is discretionary and is used "only to rectify errors and prevent injustice in extraordinary cases where no adequate alternative remedy exits." *Trinity Med. Ctr., Inc. v. Holum*, 544 N.W.2d 148, 151 (N.D. 1996).

[¶7]   CHI argues a supervisory writ is appropriate and necessary because the district court's order to produce information about privileged documents is not immediately appealable, leaving CHI no other recourse but to produce the information or be held in contempt for failure to follow a court order. We agree and conclude this case is appropriate for exercise of our supervisory jurisdiction.

## III

[¶8]   CHI argues the information compelled by the district court falls under North Dakota's statutory peer review privilege. The Bone & Joint Center and Dixon agree.

[¶9]   A party generally may obtain discovery regarding any nonprivileged matter relevant to the party's claim or defense. N.D.R.Civ.P. 26(b)(1)(A). North Dakota's medical peer review records privilege is codified in ch. 23-34, N.D.C.C. Recognizing that the rule and the statute work in tandem, N.D.R.Civ.P. 26 provides the procedure for assertion of the privilege. Chapter 23-34, N.D.C.C., provides the substance of the privilege.

[¶10] Substantively, "[p]eer review records are privileged and are not subject to subpoena or discovery or introduction into evidence in any civil or administrative action," subject to three exceptions. N.D.C.C. § 23-34-03(1). The parties do not argue the compelled information falls within the three exceptions. "Peer review records" are:

"(1) Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by, acquired by, or given to a peer review organization as a part of any professional peer review, regardless of when the record was created; and

(2) Communications relating to a professional peer review, whether written or oral, between:
  (a) Peer review organization members;
  (b) Peer review organization members and the peer review organization's staff; or
  (c) Peer review organization members and other individuals participating in a professional peer review, including the individual who is the subject of the professional peer review."

N.D.C.C. § 23-34-01(4)(a). A "professional peer review" is "all procedures a peer review organization uses or functions it performs to monitor, evaluate, and take action to review the medical care provided to patients[.]" N.D.C.C. § 23-34-01(5).

[¶11] Procedurally, when a party withholds discoverable information because it is privileged, the party must expressly make a claim of privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." N.D.R.Civ.P. 26(b)(5)(A).

[¶12] In this case, CHI produced an amended log identifying privileged documents and describing them as committee correspondences and meeting minutes. The district court ordered CHI to disclose the dates the documents were created, the identity of the person who created it and their position, and the identity of the person who received the document and their position. In doing so the district court apparently followed the path taken by North Dakota's federal district court as argued by McKibbage. *See Order Regarding Discovery Dispute, Kraft v. Essentia Health*, No. 3:20-cv-121 (D.N.D. Aug. 2, 2021), ECF No. 79; *Kraft v. Essentia Health*, No. 3:20-cv-121, slip copy, 2021 WL 4143941 (D.N.D. Sept. 7, 2021).

3

[¶13] In *Kraft*, the parties disputed the level of detail required in a privilege log invoking the peer review privilege on hospital records. 2021 WL 4143941 at *4. The federal district court ordered the hospital to disclose the dates the documents were created, the identities and respective positions of the people who created and received the documents, a description of the subject matter of the document, document identification numbers, and specific reference to the privilege asserted. *Id.* The federal court's analysis, particularly that of the Magistrate Judge, focused on other federal court rulings on peer review privilege claims, and in particular relying on Rule 26, F.R.Civ.P., instead of the substance of the underlying state-based peer review privileges. *See generally*, *Order Regarding Discovery Dispute*, *Kraft v. Essentia Health*, No. 3:20-cv-121 (D.N.D. Aug. 2, 2021), ECF No. 79. We take the opposite approach, looking first to the words of the peer review statute, and then determining how they apply to the procedure established by N.D.R.Civ.P. 26.

A

[¶14] CHI asserts the dates of the documents are irrelevant to the determination of the peer review privilege and should be protected. We agree.

[¶15] The privilege protects peer review records regardless of when they were created. In the words of the statute, a peer review record is privileged "regardless of when the record was created." N.D.C.C. § 23-34-01(4)(a)(1). The purpose of a privilege log is to describe the nature of privileged information so other parties can assess the claim of privilege. N.D.R.Civ.P. 26(b)(5)(A). Because the peer review privilege applies regardless of record date, the disclosure of document dates will not assist other parties in assessing a peer review privilege claim. Thus, we reverse the district court order requiring CHI to disclose the dates the privileged documents were created.

B

[¶16] CHI claims the identities of the authors and recipients of the documents and their respective positions fall under the definition of "peer review records." CHI also argues it provided information on the committees that generated the documents, which is sufficient to assess the claim of privilege. We agree.

4

[¶17] "The party claiming the privilege and desiring to exclude the evidence has the burden to prove the communications fall within the terms of the statute or rule granting the privilege." *State v. Hunter*, 2018 ND 173, ¶ 37, 914 N.W.2d 527. To prove information falls under the peer review privilege, a party must demonstrate it was "generated by, acquired by, or given to a peer review organization as part of any professional peer review" or is communication regarding a professional peer review. N.D.C.C. § 23-34-01(4). A "peer review organization" includes a committee of the hospital that conducts professional peer review. N.D.C.C. § 23-34-01(3)(b)(2). A "professional peer review" is broadly defined under North Dakota law to include all procedures an organization uses or functions it performs to "monitor, evaluate, and take action to review the medical care provided to patients[.]" N.D.C.C. § 23-34-01(5).

[¶18] Here, CHI identified privileged documents as "Peer Review Committee correspondences," "Peer Review Committee regular monthly meeting minutes," "Credentials Committee correspondences," "Credentials Committee regular monthly meeting minutes," "Medical Executive Committee correspondences," "Medical Executive Committee meeting minutes," and "Peer Review Committee Documents." The descriptions of those documents fall under "peer review records." *See* N.D.C.C. § 23-34-01(4) (defining "Peer review records" as "Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by . . . a peer review organization as part of any professional peer review"). The descriptions also place the documents in the hands of "peer review organizations" under N.D.C.C. § 23-34-01(3)(b).

[¶19] McKibbage argues he is entitled to the identities of the authors and recipients of the documents and their respective positions. However, that information does not assist McKibbage in further assessing CHI's claim of privilege. *See* N.D.R.Civ.P. 26(b)(5)(A) (stating the party withholding information must describe the nature of the documents in a way that enables other parties to assess the claim of privilege). Rather, it is information the legislature has determined falls within the privilege itself.

5

[¶20] We conclude CHI adequately described the nature of the documents, enabling McKibbage to assess CHI's claim of privilege. The disclosure of the authors and recipients of the documents and their respective positions would not add to McKibbage's assessment, and is beyond the scope of information required by the legislature to be disclosed under the medical peer review privilege. We therefore reverse the district court order requiring CHI to disclose the identity of the persons who created the documents and their positions, and the identity of the persons who received the document and their positions.

IV

[¶21] In response to McKibbage's motion to compel information, CHI requested an in camera review by the district court to determine whether the peer review privilege applied. McKibbage did not make a similar request. The court did not address in camera review in its order, so the request is deemed denied. *Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 12, 911 N.W.2d 296.

[¶22] We recognize in camera review may be an appropriate recourse for a party disputing a claim of privilege, especially when a relatively few number of documents are involved like here. We take guidance from the Federal Rules of Civil Procedure, because the North Dakota rules derive from the federal rules and use the same language. *See* N.D.R.Civ.P. 26, Version History. The Advisory Committee Notes to F.R.Civ.P. 26 state the district court ultimately decides whether a claim of privilege applies if the claim is challenged. F.R.Civ.P. 26, Advisory Committee Notes to 1993 Amendments. The Notes also explain that the need for in camera examination can be reduced by providing sufficient information regarding the applicability of the claimed privilege. *Id.*

[¶23] The medical peer review statute does not address in camera review. N.D.C.C. ch. 23-34. Other North Dakota privilege statutes specifically address the practice. *See, e.g.,* N.D.C.C. §§ 6-13-07 and 26.1-51-07 (statutes regarding self-critical analysis privileges provide procedure for in camera review by district court). Absent direction by law, district courts have discretion to review the challenged documents and decide whether the privilege applies. *See Martin v. Trinity Hosp.*, 2008 ND 176, ¶ 17, 755 N.W.2d 900 ("A district court has broad

6

discretion regarding the scope of discovery[.]"). Thus, the district court normally has discretion whether to conduct an in camera review of documents if a party challenges a claim of privilege identified in a sufficient privilege log.

V

[¶24] We grant the petition and vacate the district court's November 8, 2021 order on motion to compel.

[¶25] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte

7